IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CAROLYN GLENN-SPEIGHT, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:22-CV-387-WKW-KFP |
| | ) |
| THE UNITED STATES DEPARTMENT | ) |
| OF VETERANS AFFAIRS, et al., | ) |
| | ) |
|    Defendants. | ) |

## RECOMMENDATION OF MAGISTRATE JUDGE

Before the Court is the Motion to Dismiss Claims (Doc. 2) filed by Defendant United States Department of Veterans Affairs (VA) and joined by Birmingham VA Medical Center, with its supporting and reply briefs (Docs. 3, 19), and Plaintiff Carolyn Glenn-Speight's filings titled "Motion for Plaintiff Dismiss Defendants Motion" (Doc. 18), "Motion to Dismiss Defendants Motion to Dismiss" (Doc. 23), and "Motion for Default Judgement" (Doc. 25). The Court construes Ms. Glenn-Speight's filings as responses in opposition to the VA's motion. For the reasons set forth below, the Court recommends the VA's motion be GRANTED and that the Court decline to retain supplemental jurisdiction over the remaining state law claims and REMAND the case to state court.

### I. Procedural History

On April 29, 2022, Ms. Glenn-Speight filed this action in the Circuit Court of Montgomery County, Alabama. The VA removed the case to this Court under 28 U.S.C. § 1442(a)(1), as the action seeks a judgment against the VA, an agency of the United States.

*See* Doc. 1. The style of the case identifies the following defendants: "The United States Department of Veterans Affairs, Birmingham VA Medical Center Affairs, Chilton County Probate Judge, Cedar Ridge Veteran's Facility, Ellison Memorial Funeral Home, and Sharon Speight."[1] Docs. 1, 1-3.

## II.     The VA's Motion to Dismiss

The VA asserts that the Complaint must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. The VA also moves to dismiss pursuant to Rule 12(b)(6), arguing Ms. Glenn-Speight fails to state a clam on which relief can be granted. Because the undersigned finds that the Court lacks subject matter jurisdiction, this Recommendation addresses only the first basis for dismissal.

## III.    Standard of Review

"A motion to dismiss under Rule 12(b)(1) challenges the court's subject-matter jurisdiction and Rule 12(b)(1) permits a facial or factual attack." *Willett v. United States*, 24 F. Supp. 3d 1167, 1173 (M.D. Ala. 2014) (citing *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty*., 501 F.3d 1244, 1251 (11th Cir. 2007)). "On a Rule 12(b)(1) facial attack, the court evaluates whether the plaintiff 'has sufficiently alleged a basis of subject matter jurisdiction' in the complaint and employs standards similar to those governing Rule 12(b)(6) review." *Willett*, 24 F. Supp. 3d at 1173 (citing *Houston v. Marod Supermarkets, Inc*., 733 F.3d 1323, 1335 (11th Cir. 2013)). A facial attack requires the

---

[1] The state court record reflects that the Chilton County Probate Judge, Cedar Ridge Veteran's Facility, Ellison Memorial Funeral Home, and Sharon Speight were served (Docs. 1-2, 1-3), but none of these defendants has responded to the Complaint in this court. The docket does not reflect service on the defendant named Birmingham VA Medical Center Affairs. *Id*.

court to consider the allegations of the complaint to be true; a factual attack, which challenges the existence of subject matter jurisdiction irrespective of the pleadings, permits the court to consider matters outside the pleadings. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Gilmore v. Day*, 125 F. Supp. 2d 468, 471 (M.D. Ala. 2000) (citing *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942)).

The motion to dismiss in this case is based on the VA's factual attack to subject matter jurisdiction arguing that Ms. Glenn-Speight's pre-suit submission to the VA's Office of Inspector General has not exhausted her administrative remedies. Thus, the Court may consider extrinsic evidence, in particular the pre-suit submission.

## IV. Nature of the Lawsuit

### A. Glenn-Speight's Pre-Suit Complaint

On May 11, 2020, Ms. Glenn-Speight submitted a "web complaint" to the VA's Office of Inspector General setting forth a blameworthy chronology of events. Doc. 21-1. The "Allegations" section of the complaint form asserts that her husband, Stewart Speight, died on May 1, 2020, and that his sister, Sharon Speight, was informed on that day of his death but Ms. Glenn-Speight was not.[2] Ms. Glenn-Speight alleged that she was not informed until May 4 that her husband had died days earlier. In the online form's blank for "Wrongdoers," Ms. Glenn-Speight identified the following: "Sha Price at Cedar Ridge Veterans Facility . . . . The funeral home Ellison funeral home, the VA for not notifying

---

[2] It is not clear from the complaint form whether Mr. Speight was at Cedar Ridge Veterans Facility, the VA, or another facility at the time of his death.

3

me when they found out[,] and the Probate Judge." She alleged that the probate judge allowed Mr. Speight's body, which was held at Ellison Funeral Home, to be disposed of by Sharon Speight, her husband's sister, thereby depriving Ms. Glenn-Speight of the ability to see her husband's body, have a funeral for him, or have possession of his remains.

Ms. Glenn-Speight further alleged that Sharon Speight did not inform anyone of the marital relationship between Ms. Glenn-Speight and Mr. Speight. She wrote, "The sister is white and I'm black. My rights are violated. This is discrimination." Her Inspector General complaint includes a copy of a Chilton County probate court order dated May 5, 2020, in which Probate Judge Jason L. Calhoun ordered disposition of Mr. Speight's body from the Ellison Funeral Home to "his next of kin," identified as Sharon Speight and four other individuals but not Ms. Glenn-Speight. The Inspector General complaint includes no contention regarding the medical care Mr. Speight received but, instead, focuses on the failure to notify Ms. Glenn-Speight of his death and on granting others the authority to dispose of his remains.

### B. Glenn-Speight's Complaint

Construing her pleading liberally, as the Court must for a pro se litigant,[3] the Court understands that Ms. Glenn-Speight intends to pursue tort-based claims against the defendants related to (i) wrongful medical care her deceased husband received at the defendant VA and/or the private defendant facility, which she asserts caused him harm and also caused her to suffer (Doc. 1-1 ¶¶ 8, 11–13); (ii) the VA's failure to give her timely

---

[3] *See, e.g. Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

notice of her husband's death, which caused her to suffer (Doc. 1-1 ¶ 1, 3–7); and (iii) her husband's family members providing false information to the probate court, which resulted in the probate court's delay or disallowance of her ability to see her husband's remains (Doc. 1-1 ¶ 2, 9). Ms. Glenn-Speight alleges her husband was harmed (Doc. 1-1 ¶¶ 8, 11) and that she has suffered (Doc. 1-1 ¶¶ 4, 13), but she makes no demand for any type of relief. Doc. 1-1. She acknowledges that her claim against the VA is one against the United States as the proper party. Doc. 18 ("I substitute the United States acting on behalf of the Department of Veterans Affairs.").

### V.     Rule 12(b)(1) – Subject Matter Jurisdiction

District courts are courts of limited jurisdiction and are authorized by the United States Constitution or by statute to hear only certain types of actions. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Federal courts are obligated to inquire into subject matter jurisdiction "at the earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Rule 12(h)(3) of the Federal Rules of Civil Procedure requires dismissal if a court at any time determines that it lacks subject matter jurisdiction. Under 28 U.S.C. § 1346(b)(1), federal courts have exclusive jurisdiction over civil actions against the United States for money damages

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under

>circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Sovereign immunity shields the United States from being sued without the consent of Congress. *See, e.g. Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). Without that express waiver, the Court lacks subject matter jurisdiction over such a claim. *See, e.g. King v. United States Gov't*, 878 F.3d 1265, 1267 (11th Cir. 2018) ("'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.'") (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)).

### A. The Federal Tort Claims Act (FTCA)

The Federal Tort Claims Act provides a limited waiver of the United States' sovereign immunity from suit and is the exclusive means for tort claims against the United States. 28 U.S.C. §§ 1346(b), 2679. There are prerequisites, however, to bringing a claim pursuant to the FTCA, including the jurisdictional agency exhaustion requirement. 28 U.S.C. § 2675(a); *Crow v. United States,* 631 F.2d 28, 30 (5th Cir. 1980).[4] That is, a claim against the United States must first be presented to the proper federal agency, and that claim must identify a value for it. 28 U.S.C. § 2675(a); *see Molinar v. United States*, 515 F.2d 246, 249 (5th Cir. 1975); *Adams v. United States,* 615 F.2d 284, 289 (5th Cir. 1980); *Bush v. United States*, 703 F.2d 491, 494 (11th Cir. 1983). The Eleventh Circuit has

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

described this Section 2675(a) requirement as "satisfied if the claimant (1) gave the appropriate agency written notice of the tort claim to enable the agency to investigate; and (2) stated a sum certain as to the value of the claim." *Orlando Helicopter Airways v. United States*, 75 F.3d 622, 625 (11th Cir. 1996) (citing *Free v. United States*, 885 F.2d 840, 842 (11th Cir. 1989)). The court lacks subject matter jurisdiction over a federal tort suit when a plaintiff has failed to exhaust her administrative remedies under the FTCA. *See United States v. Kubrick*, 444 U.S. 111, 117–18, (1979).

### B. Administrative Prerequisites

The VA argues that Ms. Glenn-Speight failed to meet this jurisdictional prerequisite because (i) her agency-level claim did not include a sum certain demand and (ii) her claim, even if made with a sum certain, was not presented to the proper agency. In response, Ms. Glenn-Speight does not argue that her Inspector General complaint included a sum certain demand. Indeed, her complaint initiating this action also does not demand a certain (or any) recovery; she asserts only that she has "suffered." Doc. 1-1 ¶ 13. Ms. Glenn-Speight relies on her Inspector General complaint describing the "impact" of the allegations of wrongdoing as "My husband['s] life and my life is priceless." Doc. 23 ¶¶ 8, 10; Doc. 21-1. In response to the motion to dismiss, Ms. Glenn-Speight now argues that this "priceless amount . . . is 3.1 million dollars." Doc. 23 ¶ 10. She contends her claim to the Inspector General, which she notes was submitted during the COVID-19 pandemic, satisfied the exhaustion requirement. *See* Doc. 18; Doc. 23 ¶ 9.

### 1. Sum Certain

The law of this circuit espouses a liberal approach to the sum certain requirement. As the Eleventh Circuit has observed:

> This circuit has taken a somewhat lenient approach to the "sum certain" requirement holding, for example, that even where a claimant had not specifically stated the value of the claim, attaching medical bills and repair estimates to the claim notice could suffice. *See Molinar v. United States,* 515 F.2d 246 (5th Cir. 1975). *See also Wardsworth v. United States,* 721 F.2d 503, 505–06 (5th Cir. 1983) (discussing sum certain requirement, and indicating that it could be met by merely providing the agency with facts from which it could estimate the value of the claim), *cert. denied,* 469 U.S. 818, 105 S.Ct. 87, 83 L.Ed.2d 34 (1984).

*Tidd v. United States,* 786 F.2d 1565, 1567 n.6 (11th Cir. 1986); *see also Adkins v. United States,* 896 F.2d 1324, 1325 (11th Cir. 1990) ("this Circuit takes a somewhat lenient approach to the 'sum certain' standard").

Despite this lenient approach, Ms. Glenn-Speight's Inspector General complaint falls short of the jurisdictional requirement. Her claim provided no supporting medical bills or records, funeral costs, earnings or benefits data, or other information that might help monetize the "priceless" amount of the claim for purposes of evaluating it. The agency was provided no information it could use, along with the facts asserted, even to guesstimate the value of her claim or explore the possibility of settlement. *See West v. Peoples*, 589 F. App'x 923, 927 (11th Cir. 2014) ("A claimant is required to give an agency 'only enough information to allow the agency to "begin its own investigation" of the alleged events and explore the possibility of settlement.'") (quoting *Burchfield v. United States*, 168 F.3d 1252, 1255 (11th Cir. 1999) (quoting *Adams*, 615 F.2d at 292). Therefore, the Court finds that Ms. Glenn-Speight, for this reason alone, failed to satisfy the jurisdictional prerequisite

of filing an administrative claim. Accordingly, her claim is jurisdictionally barred. *Holmes v. Dep't of Veterans Affs.*, No. 3:07-CV-490-MHT, 2007 WL 4223221, at *3 (M.D. Ala. Nov. 28, 2007) (adopting report and recommendation of dismissal where plaintiff's letter did not satisfy requirements of § 2675, as it did not clearly assert claim and did not provide value of claim); *see also Thomas v. Equal Emp. Opportunity Comm'n*, No. SA-19-CA-1365-FB-HJB, 2020 WL 13561345, at *4 (W.D. Tex. Aug. 5, 2020), *report and recommendation adopted*, No. SA-19-CV-1365-FB, 2020 WL 13561570 (W.D. Tex. Aug. 20, 2020) ("Even assuming the complaint to the OIG qualified as presenting a claim under the FTCA, Thomas's allegations do not state that a sum certain was demanded; the complaint appears only to have challenged the propriety of the actions . . . . Alleging a sum certain was demanded in a complaint to an agency is a jurisdictional requirement, and failure to do so deprives the Court of jurisdiction.") (citing *Barber v. United States*, 642 Fed. App'x 411, 415 (5th Cir. 2016) (finding that even if plaintiff's claim could be construed as notice of claim under FTCA, plaintiff's failure to provide dollar amount deprives court of jurisdiction)).

### 2. Agency Notice

The VA also contends that Ms. Glenn-Speight's Inspector General complaint fails to satisfy the jurisdictional prerequisite because it was not presented to the appropriate agency. The VA notes that its website sets out a procedure for FTCA claims, which directs aggrieved parties to submit claims to the VA's Office of General Counsel's Tort Law Group, and that it provides directions for completing a Standard Form 95, Claim for Damage, Injury, or Death, and the address for the VA Office of General Counsel to mail

the completed form and other information. *See* https://www.va.gov/ogc/ftca.asp (last visited May 24, 2023). Ms. Glenn-Speight did not submit anything to the VA Office of General Counsel. Instead, she sent her claim to the VA's Office of Inspector General via the web-complaint. Doc. 18 ¶ 3; Doc. 21-1. On June 12, 2020, within 45 days of her web complaint submission, the Inspector General notified Ms. Glenn-Speight that "the issues do not fall within the purview of our organization. To address your concerns please seek civil legal assistance." Doc. 23-1.

The VA argues the Inspector General complaint was not a proper claim because it was made to the incorrect division of the agency and not the Office of General Counsel (*see* Doc. 21 at 1-2) and, further, that a search of its records revealed no claim made by Ms. Glenn-Speight because it was made to the wrong division (*see* Docs. 3 at 3; 21 at 2). Because the Court finds the claim was deficient for failure to demand a sum certain, however, it need not reach the nuanced question of whether the submission to the VA's Inspector General instead of the VA's Office of General Counsel satisfies the jurisdictional prerequisite.

## VI.     Rule 12(b)(6) – Failure to State a Claim

Because the Court finds that Ms. Glenn-Speight's claims against the VA sound in tort and, therefore, were subject to the jurisdictional exhaustion requirements under the FTCA, the Court pretermits any review of dismissal on grounds asserted under Rule 12(b)(6) as to claims against the VA.

## VII. Remaining Claims

With the federal law claims subject to dismissal for lack of jurisdiction, the only claims that appear to remain are state law tort-based claims. While the factual allegations as to any remaining claims are sparce and do not identify specific actors for the alleged wrongful conduct (*see* Doc. 1-1), it appears that Ms. Glenn-Speight may be asserting claims based on unidentified medical providers' wrongful medical treatment of her husband (Doc. 1-1, ¶ 8, 11–12),[5] as well as alleged wrongful actions of her husband's family members and the probate judge in dealing with the release of her husband's remains.[6]

"Federal law grants district courts the discretion to decline to exercise supplemental jurisdiction. And [the Eleventh Circuit] has encouraged district courts to remand pendent state-law claims to state courts after the federal claims are dismissed." *Silas v. Sheriff of Broward Cnty., Fla.*, 55 F.4th 863, 864 (11th Cir. 2022). The Eleventh Circuit has noted the following guiding principles:

> [C]oncerns of federalism—namely, of federal courts of limited jurisdiction weighing in on state law—counsel in favor of dismissing state-law claims after the federal claims are dismissed. "We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004). The Supreme Court has also put a thumb on the scale: "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise [pendent]

---

[5] The Court need not weigh in on whether or to what extent there could be such a claim asserted against an individual medical provider (and not against the VA), as already addressed in this Recommendation.

[6] While the Complaint names the Ellison Memorial Funeral Home, it contains no specific factual allegations related to this entity. Doc. 1-1. Similarly, the Cedar Ridge Veteran's Facility or any related actor is not referenced in any factual allegation and appears in name only in the case style. Thus, it is unclear if Ms. Glenn-Speight alleges the Cedar Ridge Veteran's Facility or one of its employees as the cause of the purported wrongful medical care.

11

> jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). A district court, exercising its already broad discretion, will rarely err by declining supplemental jurisdiction after the federal claims that supported its jurisdiction are dismissed.

*Id.* at 866. Here, the federal FTCA claim is recommended for dismissal, and the undersigned further recommends that the Court decline to exercise jurisdiction over the remaining state law claims.[7]

Additionally, the state-law nature of Ms. Glenn-Speight's remaining claims leaves open a notable issue best resolved in the state court. She alleges she was married to Mr. Speight (Doc. 1-1 ¶ 1); she does not, however, assert that she is the personal representative of his estate or that she is bringing claims in that capacity. To the extent Ms. Glenn-Speight's claims are based on wrongful action her husband suffered, and not her own harm, the Court may be prevented from hearing them for additional reasons.

Tort claims other than wrongful death do not survive. "Alabama law is clear that, when an individual dies before bringing a lawsuit, all state law claims that individual could have asserted prior to his demise are subsumed by a claim for wrongful death." *Burns v. City of Alexander City*, 110 F. Supp. 3d 1237, 1244 (M.D. Ala. 2015) (citing *Bassie v. Obstetrics & Gynecology Assocs. of Northwest Ala., P.C.*, 828 So.2d 280, 282 (Ala. 2002) ("a deceased's unfiled tort claims do not survive the death of the putative plaintiff"); Ala. Code §§ 6-5-410, 6-5-462); *accord Lewis v. City of Montgomery*, No. 2:04-CV-858-WKW, 2006 WL 1761673, at *7 (M.D. Ala. June 27, 2006)). Thus, any claims of Mr. Speight's

---

[7] The Court also notes that the Complaint does not set forth a basis for the exercise of diversity jurisdiction. For example, as previously noted, there is no demand or recovery asserted in the Complaint, and there is no basis to find the remaining parties are completely diverse. *See* 28 U.S.C. § 1332.

that Ms. Glenn-Speight seeks to pursue, other than wrongful death, did not survive his death.[8]

And "[t]he right to appear pro se . . . is limited to those parties conducting 'their own cases' and does not apply to persons representing the interests of others." *Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012) (citations omitted). For example, pro se plaintiffs may not pursue claims under Alabama's wrongful-death statute on behalf of others. *Ex parte Ghafary*, 738 So.2d 778, 780–81 (Ala. 1998) (citation omitted); *see also McCants on behalf of Est. of Nix v. United States*, 598 F. Supp. 3d 1342 (N.D. Ala. 2022).

The Eleventh Circuit has recognized that remanding state law claims where a plaintiff has not established her capacity as personal representative to pursue state law claims is an appropriate use of the court's discretion to decline supplemental jurisdiction. *Silas*, 55 F.4th at 866 (holding district court did not abuse its discretion in remanding and declining to exercise supplemental jurisdiction over remaining state law claims after granting motion to dismiss federal claims and finding plaintiff lacked standing where plaintiff did not establish her status as representative of her late husband's estate). Accordingly, the undersigned recommends that this Court follow *Silas* and decline to exercise supplemental jurisdiction over any remaining state law claims and that the case be remanded to the Circuit Court of Montgomery County.

---

[8] It is not at all clear that Ms. Glenn-Speight intends to pursue a wrongful death claim, and she has not asserted any constitutional claims, which may survive death. *See James v. City of Huntsville, Ala.*, No. 5:14-CV-02267-SGC, 2015 WL 3397054, at *2 (N.D. Ala. May 26, 2015); *Burns*, 110 F. Supp. 3d at 1245.

13

## VIII. CONCLUSION

Based on the foregoing, the Magistrate Judge RECOMMENDS the following:

1. The Motion to Dismiss (Doc. 2) be GRANTED and the claims against the United States Department of Veterans Affairs and Birmingham VA Medical Center Affairs be dismissed for lack of subject matter jurisdiction.

2. Plaintiff's filings titled "Motion for Plaintiff Dismiss Defendants Motion" (Doc. 18), "Motion to Dismiss Defendants Motion to Dismiss" (Doc. 23), and "Motion for Default Judgement" (Doc. 25) be DENIED as MOOT.

3. The Court decline to exercise jurisdiction over Plaintiff's remaining claims and REMAND this case to the Circuit Court of Montgomery County, Alabama.

Further, it is ORDERED that by **June 9, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *See* 11TH CIR. R. 3-1.

DONE this 26th day of May, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE